IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


TYRONE L. GULLEY,
     Petitioner,

vs.                                     Case No.:  3:12cv478/RV/EMT

SECRETARY, DEPARTMENT OF CORRECTIONS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 28).  Petitioner filed a response in opposition to the motion (doc. 31).

       The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

       The procedural background of this case is established by the state court record (doc. 28).[1] Pursuant to no contest pleas, Petitioner was convicted in the Circuit Court in and for Escambia

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 28) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

County, Florida, Case No. 2007-CF-2119 and Case No. 2007-CF-2961, of one count of lewd or lascivious molestation (victim under 16 years of age), two counts of lewd or lascivious battery (victim under 16 years of age but over 12 years of age), one count of home invasion robbery with a firearm, and one count of possession of a firearm by a convicted felon (Ex. A).  In a judgment rendered March 17, 2008, Petitioner was adjudicated guilty and sentenced as a sex offender to 150.9 months in prison, followed by one year of probation, on the lewd or lascivious molestation count (*id.*).  He was sentenced to concurrent terms of 150.9 months in prison, followed by concurrent terms of two (2) years of probation, on the two lewd or lascivious battery counts, with the terms of imprisonment to run concurrently with the term of imprisonment on the molestation count, but the probationary terms to run consecutively to the term of probation on the molestation count (*id.*). Petitioner was sentenced to ten (10) years in prison, with a 10-year mandatory minimum, on the robbery count, to run concurrently with the sentence on the molestation count.  He was sentenced to three (3) years of imprisonment, with a 3-year mandatory minimum, on the firearm possession count, to run concurrently with the sentence on the robbery count (*id.*).  Petitioner did not appeal the judgment.

On May 12, 2008, and May 29, 2008, Petitioner sent letters to the sentencing judge requesting a sentence reduction (Exs, B, C).  It appears from the state court docket that the judge responded with correspondence dated June 18, 2008.  On October 10, 2008, Petitioner sent another letter to the sentencing judge (Ex. D).  The court construed the letter as a motion to mitigate sentence under Rule 3.800(c) of the Florida Rules of Criminal Procedure, and dismissed it as untimely in an order rendered October 15, 2008 (Ex. E).

On October 14, 2009, Petitioner filed a petition for belated appeal in the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-5283 (Ex. F).  The First DCA denied the petition on the merits on May 4, 2010 (Ex. G).  Gulley v. State, 36 So. 3d 88 (Fla. 1st DCA 2010) (Table).

On June 16, 2011, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. H).  The state circuit court dismissed the motion as untimely (Ex. I).  Petitioner appealed the decision to the First DCA, Case No. 1D11-5389 (Ex. J). On January 25, 2012, the First DCA per curiam affirmed the lower court's decision motion (Ex. K).

Gulley v. State, 81 So. 3d 420 (Fla. 1st DCA 2012) (Table).  The mandate issued March 22, 2012 (Ex. L).

Petitioner filed the instant habeas action on October 1, 2012, raising one ground for relief (doc. 1).  He challenges his plea on the ground that defense counsel misinformed him that he would be permitted to visit with his children while he was in prison even though he was sentenced as a sex offender (*id.*).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 28 at 3).  Petitioner does not dispute that this is the appropriate trigger for the federal limitations period.  The judgment and sentence in Petitioner's case was rendered March 17, 2008.  That judgment became final thirty (30)

days later, on April 17, 2008.[2]  *See* <u>Bridges v. Johnson</u>, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); <u>Hampton v. State</u>, 837 So. 2d 611 (Fla. 5th DCA 2003) (when defendant did not directly appeal his conviction, the judgment and sentence became final 30 days after they were rendered); <u>Davis v. State</u>, 693 So. 2d 700 (Fla. 2d DCA 1997) (judgment and sentence become final when 30-day period to file notice of appeal expires); <u>Gust v. State</u>, 535 So. 2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires).  Applying the finality trigger of § 2244(d)(1)(A), the statute of limitations began to run on April 18, 2008, the day after the 30-day period for Petitioner to file a direct appeal expired.[3]  *See* <u>Wainwright v. Sec'y, Dep't of Corr.</u>, 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).  Petitioner had one year from that date, or until April 18, 2009, to file his § 2254 petition.  *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before April 18, 2009; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[2] According to the Florida rules governing appeal proceedings in criminal cases, Petitioner had thirty (30) days following rendition of the order imposing sentence to file a notice of appeal.  In the instant case, the written order imposing the judgment and sentence was rendered March 17, 2008.  *See* Fla. R. App. P. 9.020(h) (order is rendered when signed, written order is filed with clerk of lower tribunal).  The day the order was rendered is excluded from the 30-day calculation; therefore, the period for seeking an appeal began to run on March 18, 2008.  *See* Fla. R. App. P. 9.420(f). Thirty (30) days from that date was April 17, 2008.

[3] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the federal limitations period began to run on April 18, 2008.

28 U.S.C. § 2244(d)(2).

Petitioner's letters requesting reduction or modification of sentence filed on May 12 and May 29, 2008, were not "properly filed" post-conviction applications.  According to the Supreme Court, an application is "properly filed" under § 2244(d)(2) "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).  The term "properly filed" thus refers to the application's "compliance with the applicable laws and rules governing filings."  531 U.S. at 8.  For example, the filing requirements typically include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  Id. (footnote omitted). Whether an application is properly filed is distinct from whether the application's claims are meritorious or procedurally barred.  See id. at 9.

Here, neither of Petitioner's letters was in the form of a motion, as required under the Florida procedural rule governing requests for reduction or modification of sentence.  See Fla. R. Crim. P. 3.800(c).  The state court did not treat either letter as a motion by issuing an order or otherwise rendering a decision; instead, the court responded with correspondence.  Therefore, neither of the letters qualifies as a tolling application under § 2244(d)(2).

With regard to Petitioner's letter filed October 10, 2008, although the state court construed the letter as a motion for reduction or modification of sentence under Rule 3.800(c), the Eleventh Circuit has suggested that a motion for discretionary sentence reduction pursuant to Rule 3.800(c) is not a tolling motion for purposes of § 2244(d)(2).  See Baker v. McNeil, 439 F. App'x 786 (11th Cir. 2011) (unpublished), cert. denied, —— U.S. ——, 132 S. Ct. 1633, 182 L. Ed. 2d 236 (2012); see also Shanklin v. Tucker, No. 3:11cv357/RV/MD, 2012 WL 1398186, at *3 (N.D. Fla. Mar. 21, 2012) (unpublished), Report and Recommendation Adopted by 2012 WL 1396238 (N.D. Fla. Apr. 23, 2012) (unpublished); Johnson v. Sec'y, Dep't of Corr., No. 6:12cv1218–Orl–36TBS, 2013 WL 1786638, at *2 (M.D. Fla. Apr. 26, 2013) (unpublished).  Further, the state court dismissed the Rule 3.800(c) motion as untimely; therefore it did qualify for statutory tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (holding that a federal habeas court must defer to a state court's determination that a post-conviction application did not comply with

the state's laws and rules governing filings and stating, "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).")

Moreover, even if Petitioner's requests for modification of sentence filed on May 12, 2008, May 29, 2008, and October 10, 2008, qualified as tolling applications, they would have tolled the federal limitations period only 156 days, from May 12, 2008 to October 15, 2008, the date of rendition of the circuit court's order of disposition.  *See* Reyes v. State, 79 So. 3d 151, 152 (Fla. 3d DCA 2012) (trial court's order denying Rule 3.800(c) motion on the merits is not appealable; therefore, appellate court has no jurisdiction to review decision); Winslow v. State, 37 So. 3d 974 (Fla. 1st DCA 2010) (same); Walters v. State, 994 So. 2d 1230 (Fla. 2d DCA 2008) (same); Adams v. State, 800 So. 2d 741 (Fla. 5th DCA 2001) (same).  At the time of the state circuit court's order, **24 days** of the federal limitations period had expired (from April 18 to May 12, 2008).

The federal limitations period recommenced on October 16, 2008, and ran for **341 days** until it expired on September 22, 2009 (**24 days + 341 days = 365 days**).  Petitioner's post-conviction applications filed after September 22, 2009 did not toll the limitations period, because they were filed after it had expired.  *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner's federal habeas petition, filed October 1, 2012, was not filed within the one-year statutory limitations period.  He does not allege any grounds for additional tolling, nor has he shown he is entitled to review of his claims through a recognized exception to the time bar.  Therefore, Respondent's motion to dismiss is due to be granted, and the federal petition dismissed as time-bared.

## III.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 28) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25th day of March 2014.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**